1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10   UMG RECORDINGS, et al.,        )
                                    )
11           Plaintiff(s),          )      No. C06-3457 JSW (BZ)
                                    )
12      v.                          )      **REPORT AND RECOMMENDATION TO**
                                    )      **GRANT PLAINTIFFS' MOTION FOR**
13   ABELINA SANCHEZ,               )      **DEFAULT JUDGEMENT AGAINST**
                                    )      **DEFENDANT**
14           Defendant(s).          )
                                    )
15   _____)

16

17        By Order dated November 28, 2006, the Honorable Jeffrey

18   S. White referred to me plaintiffs' motion for default

19   judgment against defendant.  The following is my report and

20   recommendation as to plaintiffs' motion.

21        On May 30, 2006, plaintiffs filed a complaint under the

22   Copyright Act of 1976, 17 U.S.C. §§ 101, <u>et seq</u>.  Plaintiffs

23   allege that defendant violated the Copyright Act at least

24   eleven separate times by downloading and/or distributing

25   eleven recordings without the permission or consent of the

26   plaintiffs.  Compl. ¶¶ 11, 13 and Exh. A; <u>see</u> <u>also</u> Mot. for

27   Def. J. at 1.

28        Plaintiffs plead proper notices of copyright for all

                                   1

eleven recordings, Compl. ¶ 14, and that defendant's actions violate plaintiffs' exclusive rights of reproduction and distribution.  Compl. ¶ 13.  Plaintiffs claim defendant's actions are willful and intentional.  Compl. ¶ 15.  Plaintiffs seek statutory damages under 17 U.S.C. section 504(c), and reasonable costs pursuant to section 505.  Compl. ¶ 16. Plaintiffs also seek injunctive relief pursuant to sections 502 and 503.  Compl. ¶ 17.  Specifically, plaintiffs seek the minimum amount of statutory damages for each of the eleven violations totaling $8,250.00, costs of litigation totaling $420.00, and an injunction prohibiting defendant from present and future infringement.  Compl. ¶¶ 16, 17; Mot. for Def. J. at 4,7.

On June 25, 2006, the complaint and related papers were served on defendant by substituted service.[1]  Decl. Of Thomas Kerr in Further Supp. of Mot. for Def. J. ("Kerr Decl.") ¶ 10; Civil Docket Entry No. 5.  Defendant failed to answer the complaint or otherwise defend the action.  On August 28, 2006, upon plaintiffs' request, the Clerk of this court entered defendant's default under Rule 55(a).  The clerk's entry of default judgement was served by mail on September 11, 2006. See Civil Docket Entry No. 8.  Defendant failed to respond to the plaintiffs' motion and did not appear at a duly noticed January 24, 2007 hearing on the matter.  By her default, defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of

---

[1]    Service was also effected by mail on June 29, 2006. See Civil Docket Entry No. 5.

1   damages.  See Fed. R. Civ. P. 8(d).  Plaintiffs' pleadings are

2   sufficient to demonstrate defendant's violations of the

3   Copyright Act.  See 17 U.S.C. §§ 106, 102(a)(7), 501(a) & (b);

4   see also Sony Music Entm't, Inc. v. Elias, 2004 WL 141959, at

5   *1, *3 (C.D. Cal. Jan. 20, 2004)

6        A court may not enter a default judgment against an

7   unrepresented minor, an incompetent person, or a person in

8   military service.  See Fed. R. Civ. P. 55(b)(2); 50 App.

9   U.S.C. § 521.  On January 17, 2006, plaintiffs' settlement

10  representative spoke with the defendant.  Decl. of Morgan

11  Kukal in Further Supp. of Mot. for Def. J. ("Kukal Decl.") ¶

12  4.  Defendant told plaintiff's representative that her child

13  was responsible for the copyright infringements, and discussed

14  settlement options.  Kukal Decl. ¶ 4.  On March 14, 2006 and

15  September 21, 2006, in a phone calls between defendant's

16  husband and plaintiffs' representative, defendant's husband

17  stated his wife was in Mexico.  Kukal Decl. ¶¶ 5,6.

18  Plaintiff's representative declared under penalty of perjury

19  that based on his conversations with defendant and her

20  husband, he believes the defendant is not a minor,

21  incompetent, or in the military.  Kukal Decl. ¶ 8.  Although

22  unable to confirm defendant's military status on the current

23  public database, Supp. Brief in Supp. of Mot. for Def. J. at

24  1, search of an older database revealed no military

25  connection.  Kerr Decl. ¶ 15.  The court is satisfied with

26  this showing.

27       Pursuant to Rule 55(b)(2), the court may enter a default

28  judgment against a party against whom default has been

1  entered.   The decision to grant or deny a default judgment

2  under Rule 55(b) is within the discretion of the court.   <u>Eitel</u>

3  <u>v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).   Although a

4  formal hearing is not required for a court to render a default

5  judgment, <u>Davis v. Fendler</u>, 650 F.2d 1154 (9th Cir. 1981), the

6  plaintiff has the burden of proving damages through testimony

7  or written affidavit.   If damages are ascertainable, however,

8  there is no need for an evidentiary hearing.   <u>See</u> <u>Elias</u>, 2004

9  WL 141959, at *4 (citing <u>Ortiz-Gonzalez v. Fonovisa</u>, 277 F.3d

10  59, 63-64 (1st Cir. 2002)).

11     Section 504(a) of the Copyright Act provides that a

12  copyright infringer may be liable for statutory damages under

13  section 504(c).   Section 504(c) allows a victim under the

14  statute to elect to recover statutory damages for each

15  violation "in a sum of not less than $750 or no more than

16  $30,000 as the court considers just."

17     By virtue of her default, defendant has admitted to

18  eleven violations of the Copyright Act.   Because plaintiffs

19  seek only the minimum statutory damages available under the

20  statute, the request is ascertainable and reasonable.   <u>See id.</u>

21  I recommend that the court award plaintiffs $750.00 for each

22  of the eleven violations, totaling $8,250.00.

23     In addition, section 505 of the Copyright Act allows the

24  court, in its discretion, to award reasonable attorneys' fees

25  and costs.   Plaintiffs' counsel has declared under penalty of

26  perjury that, in pursuing this claim, plaintiffs incurred a

27  $350.00 filing fee and a $70.00 service of process fee, for a

28  total of $420.00.   Kerr Decl. ¶ 16.   The request, supported by

1    counsel's declaration, is reasonable.  See <u>Elias</u>, 2004 WL

2    141959, at *5 (citing <u>Discovery Comm., Inc. v. Animal Plant,</u>

3    <u>Inc.</u>, 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001)).  I

4    recommend the court award plaintiffs $420.00 in litigation

5    costs.

6        Finally, section 502 of the Copyright Act grants to the

7    court the authority to issue injunctive relief to "prevent or

8    restrain infringement of a copyright."  17 U.S.C. § 502(a).

9    "'Generally, a showing of copyright infringement liability and

10   the threat of future violations is sufficient to warrant a

11   permanent injunction.'"  <u>Jackson v. Sturkie</u>, 255 F. Supp. 2d

12   1096, 1103 (N.D. Cal. 2003) (quoting <u>Sega Enterprises, Ltd. v.</u>

13   <u>MAPHIA</u>, 948 F.Supp. 923, 940 (N.D. Cal. 1996)).  Defendant has

14   admitted eleven separate violations of the Copyright Act and,

15   there can be no assurance that defendant will not continue to

16   infringe plaintiffs' copyrighted materials, be they now in

17   existence or later created.  See <u>Elias</u>, 2004 WL 141959, at *4-

18   *5 (granting injunctive relief with respect to plaintiffs'

19   existing materials and those created in the future).  I

20   therefore recommend that the court grant plaintiffs' request

21   for injunctive relief.

22       The evidence before me is sufficient to negate the need

23   for an evidentiary hearing.  For the foregoing reasons, I

24   recommend that judgment be entered in plaintiffs' favor

25   against defendant for a total award of $8,670.00.  This amount

26   includes $8,250.00 in statutory damages and $420.00 in

27   litigation costs.  In addition, I recommend that the court

28   ///

1   grant plaintiffs the injunctive relief sought in their

2   complaint.

3   Dated: January 24, 2006

4

5   _____

6                Bernard Zimmerman
       United States Magistrate Judge

7

8   G:\BZALL\-REFS\UMG Recordings v. Sanchez\Rep.Rec.Granting.DEF.JUDG.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28